## CRAIG VS. PRICE.

Before a bill of exchange payable one day after sight, can be legally protested for non-payment, it must be presented for acceptance, then one day allowed for the bill to mature, after it was shown to the drawee, and three days of grace.

The holder of a bill, purporting on its face to be for value received, and payable out of the State, and legally protested for non-payment, is entitled, under secs. 8, 9, 10 of *ch.* 25 *Dig.*, to interest at the rate of 10 per cent. on the amount specified in the bill, but not to ten per cent. interest on the damages given by the act.

A bill of exchange is payable at the place of residence of the drawee, unless some other place of payment be stated.

## *Appeal from Chicot Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for appellant.

FAUST for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Sarah Price brought assumpsit against Josua M. Craig, the drawer, upon a bill of exchange as follows:

> " LAKE VILLAGE, ARKS., }
>    *April* 16*th*, 1861. }

" $10,500.

At one day's sight pay to the order of Sarah Price, ten thousand five hundred dollars, being for her interest in the estate of Junius W. Craig, deceased, and charge to account of your ob't. serv't.       J. M. CRAIG."

To Messrs, A. D. KELLY & Co.,

  *New Orleans, La.*"

It is alleged in the declaration, that the bill was presented to the drawees for payment, on the 8th of May, 1861, and payment refused, but it is not alleged that the bill was, at any time, presented for acceptance; or shown to the drawees, before the day on which it was presented for payment.

On the trial, under the general issue, the plaintiff proved that the bill was presented for payment on the 8th of May, 1861, protested for non-payment, and the defendant duly notified; but no evidence was introduced to prove that on any previous day the bill had been presented for acceptance. The court sitting as a jury found for plaintiff, a motion for new trial was over-

ruled, and final judgment against defendant for the amount of the bill, interest, damages, etc., from which he appealed.

The bill was payable one day after sight. The presentment for payment on the 8th of May, and the protest for non-payment on that day were ineffectual for any legal purpose, unless the bill had been previously presented for acceptance, allowing one day for the bill to mature after it was shown to the drawees, and then three days of grace.

Upon all bills payable at sight, or at so many days after sight, or after any other event not absolutely fixed, or after demand, a presentment to the drawee for acceptance is absolutely necessary in order to fix the period when the bill is to be paid. This is sufficiently obvious in the cases of bills payable at so many days after sight, or after demand, or after a certain event. The like rule prevails in the French law. But it is equally true in our law, although not in the French law, as to bills payable at sight, which are not, in fact, payable on presentment; but which have the ordinary days of grace allowed them for payment, after presentment. But bills payable on demand (which are immediately payable on presentment) or payable at a certain number of days after date, or after any other certain event, need not be presented for acceptance at all, but only for payment. And here again the French law coincides with ours. However, in practice, whenever the bill is payable at a certain number of days after date, it is usual, and certainly is prudent to present it for acceptance. If presented the holder must conduct himself in the same way, and make protest and give notice in the same manner as he would upon a bill payable at so many days after sight. *Story on Bills*, (3 ed.) *sec*. 228.

The court rendered judgment for the amount of the bill, with ten per cent. interest and four per cent. damages, and upon the aggregate amount thus produced, gave interest at ten per cent. from the date of the judgment.

The bill was drawn in this State, upon Kelly & Co., of New Orleans, in the State of Louisiana, and payable there, no other

place being named in the bill (*Story on Bills, sec.* 48,) and clearly purports, on its face, to have been drawn for value received; and had the plaintiff properly alleged and proven that it had been duly presented for non-payment, she would have been entitled to receive four per cent. damages: and also, " *interest at the rate of ten per cent. per annum, on the amount specified in the bill, from the date of protest until the amount of such bill should be paid. Dig. ch.* 25, *secs.* 8, 8, 10. But the four per cent. damages should not be made to bear interest at ten per cent. from the date of the judgment.

The plaintiff having failed to show by her declaration, or evidence, that the bill was due and payable on the 8th of May, when it was presented for payment, and consequently failed to show a legal protest for non-payment, the verdict and judgment in her favor were erroneous.

The judgment must be reversed, and the cause remanded with instructions to the court below to grant the appellant a new trial, and permit the appellee to amend her declaration if she shall desire to do so, etc.